IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ALVIN PINTOR,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

        v.                                    CASE NO. 17-cv-890

HyPro, INC., d/b/a Spirit
Manufacturing, Inc., and

SERVICE FIRST STAFFING, INC.,

        Defendants.

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Plaintiff Alvin Pintor ("Pintor"), individually and on behalf of the potential Opt-In Plaintiffs and the putative Class Members, by and through his attorneys, Hawks Quindel, S.C., by Larry Johnson, Summer Murshid, and Tim Maynard, and Defendants HyPro, Inc. d/b/a Spirit Manufacturing, Inc. ("HyPro") by and through its attorneys, Michael Best & Friedrich LLP, by Attorney Mitchell W. Quick, and Defendant Service First Staffing, Inc. ("SFS") by and through its attorneys, DeWitt Ross & Stevens S.C., by Attorneys Shannon A. Allen and Olivia M. Kelley, submit this Joint Motion for Preliminary Approval of Class and Collective Action Settlement. Pintor, HyPro, and SFS ("the Parties"), through negotiation, reached a settlement in this case on or around June 12, 2018 on a class-wide basis. In

connection with this settlement, the Parties respectfully move the Court for the following:

1. an Order preliminarily approving the Settlement Agreement attached as Exhibit 1 (ECF No. 23-1) to this Motion as fair, reasonable, and adequate;

2. an Order granting the Parties' Joint Stipulation to Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and to Certify a Class Action Pursuant to FED. R. CIV. P. 23 (ECF No. 19);

3. an Order appointing Alvin Pintor as Class Representative for the 29 U.S.C. § 216(b) collective class and FED. R. CIV. P. 23 class;

4. an Order appointing Hawks Quindel, S.C. as Class Counsel pursuant to FED.R.CIV.P. 23(g);

5. an Order approving the Notice of Class Action Settlement and the Consent in the form of Exhibit B to the Settlement Agreement (ECF No. 23-3,) as the best notice practicable under the circumstances for distribution to all putative members of the Rule 23 Class and Collective Class and approving that the provision of the Notice of Class Action Settlement by mail constitutes valid, due, and sufficient notice to Rule 23 Class and Collective Class Members in full compliance with applicable law, including the due process clause of the United States Constitution;

6. an Order that Defendants' Counsel must produce a class list to Class Counsel as a Microsoft Excel spreadsheet including each putative Class Member's name, last known street address, city, state, zip code, and phone number (if

available) (with each piece of data as a separate column) within seven (7) days of the Court's Order granting preliminary approval of the settlement in this matter;

7. an Order that Class Counsel must mail the Notice of Class Action Settlement to the Class Members within seven (7) days of the Defense Counsel providing a class list as set forth in Section 6 above;

8. an Order that putative members of the Collective Class may file a Consent Form within thirty (30) days of the mailing of the Notice in order to assert their FLSA claims as set forth in this matter;

9. an Order that individuals who wish to exclude themselves from the FED. R. CIV. P. 23 settlement must opt-out per the instructions set forth in the Notice within thirty (30) days of the mailing of the Notice;

10. an Order that any individual who does not exclude themselves from the FED. R. CIV. P. 23 settlement shall be bound by the Court's Order Finally Approving the Settlement;

11. an Order that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty (30) days after the mailing of the Notice, together with copies of all papers in support of his or her position; and

12. an Order that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing, and a direction that a supplemental brief in support of final approval of

the Settlement Agreement or in response to any objections to the application for attorneys' fees, if any, be filed at least seven (7) days before the Fairness Hearing, and that the Court shall conduct a Fairness Hearing on September 18, 2018 to determine in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel and whether to finally approve the settlement agreement as a fair, reasonable, and adequate resolution of bona-fide disputes under the Fair Labor Standards Act ("FLSA") and Wisconsin law.

Dated this 29th day of June, 2018.

Respectfully Submitted,

 *s/ Mitchell W. Quick* 
Mitchell W. Quick, SBN 1001493
mwquick@michaelbest.com

Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
(414) 271-6560 (office)
(414) 277-0656 (facsimile)

**Attorneys for HyPro, Inc. d/b/a Spirit Manufacturing, Inc.**

 *s/ Shannon A. Allen* 
Shannon A. Allen, SBN 1024558
saa@dewittross.com
Olivia M. Kelley, SBN 1056759
omk@dewittross.com

DeWitt Ross & Stevens s.c.
13935 Bishop's Drive, #300
Brookfield, WI 53005
(262) 754-2840 (office)
(262) 754-2845 (facsimile)

Respectfully Submitted,

 *s/ Larry A. Johnson* 
Larry A. Johnson, SBN 1056619
ljohnson@hq-law.com
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com
Timothy P. Maynard, SBN 1080953
tmaynard@hq-law.com

Hawks Quindel, S.C.
222 E Erie Street, Suite 210
P.O. Box 442
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

**Attorneys for Plaintiffs**

Attorneys for Service First Staffing, Inc.