## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Plaintiff Alvin Pintor ("Pintor"), both individually and on behalf of the individuals who may join this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Rule 23 class action members (the "Rule 23 Class"), and Defendant HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. ("Hypro") and Defendant Service First Staffing, Inc. ("SFS").

## Recitals

WHEREAS, Pintor alleges that Defendants Hypro and SFS (collectively "Defendants") failed to pay him and Defendants' other hourly employees overtime and agreed upon wages for all hours worked as a result of Defendants' payroll practice of rounding employees' start and end times.

WHEREAS, Defendants deny the allegations and deny liability.

WHEREAS, Defendants have provided substantial data and information relevant to Pintor's allegations to Pintor's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, Defendants and Pintor ("the Parties") entered into arm's length negotiations and agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Pintor, the Collective Class, and the putative Rule 23 Class.

WHEREAS, Hawks Quindel, S.C., has represented Pintor and negotiated with Defendants at arm's length throughout this matter to ensure that Pintor, the Collective Class, and putative Rule 23 Class are properly compensated for time spent working for Defendants from June 27, 2014, through January 6, 2017.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the above Recitals, which are hereby acknowledged to be true and correct and made a part of this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties agree as follows:

## I.    General Terms of Settlement

A.    For the purpose of settlement only, the Parties agree to stipulate to a FED.R.CIV.P. 23 class as defined in Section IV.A., below (the "Rule 23 Class") and to a 29 U.S.C. § 216(b) collective class as defined in Section IV.B., below (the "Collective Class").

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

B.    In exchange for the Release of Claims and other promises contained herein, Defendants will, in accordance with the manner and timing provided for in Sections III(A)–IV(H), below, make payments to Pintor, the Collective Class, the Rule 23 Class, and Pintor's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

C.    Pintor understands and acknowledges that, although Defendants are entering into this Agreement and making the payments hereunder, Defendants do not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II.    Release of Claims, Acknowledgments, and Agreement to Cooperate

A.    Pintor's Release of Claims.

Pintor hereby and forever completely releases and discharges Defendants from any and all claims of any kind which arise out of or are in any manner based upon or related to the employment relationship between Pintor and Defendants based on any act or omission that occurred between June 27, 2014 and January 6, 2017. Pintor's release of claims against Defendants, includes: (1) claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This release does not waive

any claims Pintor may have against Defendants under worker's compensation laws.

B.    Rule 23 Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Rule 23 Class members will release their Wisconsin law claims for unpaid overtime, and/or agreed upon wages resulting from Defendants' rounding of start and end times, between June 27, 2015 and January 6, 2017, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274.

C.    Collective Class Members Release of Claims.

Upon final approval of this Settlement Agreement, the Collective Class Members who have filed their consent forms with the Court release their FLSA claims for unpaid overtime, and/or agreed upon wages resulting from Defendants' rounding of start and end times, between June 27, 2014 and January 6, 2017.

D.    Acknowledgments and Agreement to Cooperate.

Pintor acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of overtime compensation, agreed upon wages, liquidated damages, civil penalties, and his legal fees and costs. Pintor further agrees that this settlement represents fair and reasonable compensation for any unpaid wages he may have accrued during his employment with Defendants, inclusive of any claim for liquidated damages. Pintor further acknowledges and agrees he has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Pintor agrees to direct his counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with Defendants to seek judicial approval of this agreement, including preparation of court required pleadings.

## III.   Settlement Payments

A.    Settlement Fund.

As consideration for the releases in Section II above, Defendant Hypro shall pay $120,000 and Defendant SFS shall pay $10,000 for a total of $130,000 (the "Settlement Fund"). This Settlement Fund is inclusive of

attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, a service payment to Pintor, as described below. If the Settlement Agreement is not approved by the Court, Defendants will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.    Allocation of the Settlement Fund.

1.    Service Payment - $5,000.00 of the Settlement Fund shall be allocated as a service payment to Pintor in recognition of him in bringing this claim, serving as the named plaintiff and class representative, providing information to and assisting counsel in bringing this matter as a class action, his insistence that the matter be resolved on class-wide basis, and the assistance he provided Plaintiff's Counsel in bringing this matter to resolution. Hypro will issue an IRS Form 1099 to Pintor for this enhancement payment.

2.    Attorneys' fees - $43,333.33 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will move the Court for an award of attorneys' fees twenty-one days prior to the Fairness Hearing.

3.    Costs - $1,200 of the settlement fund shall be allocated as costs.

4.    Settlement Class Funds – The remaining portion of the Settlement Fund, $80,466.67, shall be allocated among two separate funds:

a.    Wisconsin Settlement Fund – $40,233.33 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each Rule 23 Class Member shall receive a pro-rata share of the Rule 23 Settlement Fund in an amount not to exceed the figure set forth for such Rule 23 Class Member in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Defendants will report the unpaid wages portion to each of their respective Rule 23 Class Members on an IRS Form W2. One-third shall be attributed to liquidated damages for which each Rule 23 Class Member will receive an IRS Form 1099 from Defendants.

b.    The FLSA Settlement Fund - $40,233.33 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opted into this matter shall receive a pro-rata

share of the FLSA Settlement Fund in an amount set forth for such individual in Exhibit A (subject to increase with the allocation of the Contingency and Ongoing Cost Fund after the Fairness Hearing). For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. Defendants will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2 to their respective employees. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from Defendants.

## IV. Settlement Approval Process.

A. Stipulation to Fed.R.Civ.P. 23 Class Certification.

The Parties agree to stipulate to Fed.R.Civ.P. 23 Class Certification of the following class:

> All hourly employees employed at Spirit Manufacturing by Defendants between June 27, 2015 and January 6, 2017, and whose names appear on Exhibit A.

The stipulation is attached as Exhibit C to this Agreement.

B. Stipulation to 29 U.S.C. § 216(b) Collective Class Certification.

The Parties agree to stipulate to 29 U.S.C. § 216(b) Collective Action Certification of the following Class:

> All hourly employees employed at Spirit Manufacturing by Defendants between June 27, 2014 and January 6, 2017, and whose names appear on Exhibit A.

The stipulation is attached as Exhibit C to this Agreement.

C. Preliminary Approval of Settlement.

The Parties will file with the Court, by June 29, 2018, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Plaintiff's Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement. The joint motion will request the following relief:

1.   Preliminary approval of the settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate;

2.   Certification of this case as a class action under FED.R.CIV.P. 23;

3.   Certification of this case as a collective action under 29 U.S.C. § 216(b);

4.   Appointing Alvin Pintor as a Class Representative;

5.   Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

6.   Approving the Notice in the form of Exhibit B for distribution to all Class Members;

7.   A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Rule 23 Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Rule 23 Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

8.   A direction that each potential Rule 23 Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and that their response must be received within thirty days of mailing of the Notice;

9.   A direction that any Rule 23 Class Member who has not properly and timely requested exclusion from the Rule 23 Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

10.  The conducting of a Fairness Hearing on September 18, 2018 at 11:00 AM to determine whether this Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

11.  A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs twenty-one days prior to the Fairness Hearing, and a direction that any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees be filed at

least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel;

12. A direction that any Rule 23 Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than thirty days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Class Notice shall state that the Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

D. Objection to Settlement.

Any Class Member who intends to object to the fairness of the Settlement Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty days after the mailing of the Class Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for Defendants.

Any objection to the Settlement Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

E. Request for Exclusion.

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion no later than thirty days after the mailing of the Notice. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement.

F.     Fairness hearing.

On the date set forth in the Preliminary Approval Order, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Settlement Agreement as fair, reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

G.     Entry of Judgment.

If this Settlement Agreement is finally approved by the Court, a Final Order Approving Settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows:

1.     Certifying the Settlement Class pursuant to FED.R.CIV.P. 23;

2.     Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

3.     Appointing Pintor as Class Representative for the Settlement Classes;

4.     Appointing Hawks Quindel, S.C. as Class Counsel;

5.     Declaring the Settlement Agreement to be binding on Defendants, Pintor, the Collective Class, as well as all of the Rule 23 Class members who have not been excluded;

6.     Dismissing with prejudice the Rule 23 Class members' released claims;

7.     Dismissing without prejudice the claims of the Rule 23 Class Members who have properly and timely excluded themselves in full accordance with the procedures set forth in this Settlement Agreement;

8.     Entering a Mandatory Injunction as provided in Section V. below; and

9.     Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

8

H.     Settlement Administration.

If the Court grants preliminary approval of this Settlement Agreement, the settlement will be administered by Plaintiff's Counsel. The parties agree to the following procedure for settlement administration:

1.     Settlement Allocations. Individual settlement allocations shall be made in at least the amounts set forth in Exhibit A. Each check will indicate that it is void after ninety days.

2.     Issuance of Notice. Within seven days of the Court's Order granting preliminary approval of the Settlement, Plaintiff's Counsel will mail the Notice to the Class Members in a form substantially similar to what is attached hereto as Exhibit B and made a part of this Settlement Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Class Members of their right to exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3.     Payment schedule. Within twenty-one days of the Court's Order Finally Approving the Class Action Settlement, Defendants will deliver to Plaintiff's Counsel settlement checks totaling $130,000. The allocation of each payment is provided in Exhibit A. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members. Each settlement check shall indicate on its face that it is void after ninety days of issuance.

4.     Reversion and Cy Pres. Any portion of the Wisconsin Settlement Fund allocated to an individual who excludes him or herself shall revert back to Defendants. Any portion of the FLSA Settlement Fund allocated to an individual who does not cause a consent to join form to be timely filed with the Court will revert back to Defendants.

9

i. If the total amount of the Wisconsin Settlement Fund and the FLSA Settlement Fund that remains undeliverable or is otherwise not cashed within ninety days after the final payment equals or exceeds $7,500, it shall be reallocated to the individuals who did cash their portion of the Wisconsin Settlement Fund and the FLSA Settlement Fund. Within twenty-one days of the expiration of the settlement checks, Defendants shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not cashed). Plaintiff's Counsel will provide a re-allocation of the remaining funds and provide said re-allocation to Defendants. Defendants will, within twenty-one days of receiving the re-allocation, deliver to Plaintiff's Counsel the reallocated checks provided for in the re-allocation.

ii. If the total amount of the Wisconsin Settlement Fund and the FLSA Settlement Fund that remains undeliverable or is otherwise not cashed within ninety days after the final payment equals less than $7,500, that amount shall be considered cy pres and Defendants shall pay that amount on a pro rata basis to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. Within twenty-one days of the expiration of the settlement checks, Defendants shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not cashed). Within seven days of Plaintiff's Counsel's approval, Defendants shall mail a check to the cy pres recipient, copying Plaintiff's Counsel.

## V. Enforcement of Settlement Agreement

The Parties agree to seek dismissal with prejudice of Pintor's, the Collective Class Members', and the Rule 23 Class Members' released claims effective on the date on which the Settlement Agreement is approved by the Court while also ensuring that the Court which has approved the Settlement Agreement retains jurisdiction to enforce the terms of the Settlement Agreement. Accordingly, the Parties agree to submit a proposed order – attached as Exhibit D to this Agreement – which (1) approves the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and Wisconsin law; (2) approves an award of Attorneys' fees and costs as fair and reasonable; (3) dismisses the case with prejudice as of the date of entry of such Order, and (4) requests the entry of mandatory injunction against Defendants that:

    A.      Orders Defendants to make payments as set forth in the Settlement Agreement and its Exhibits; and

    B.      Consents to the Court's retained jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement and the mandatory injunction.

Nothing in this Agreement shall limit or waive Pintor's, the Collective Class Members', and the Rule 23 Class Members' ability to pursue a cause of action arising out of Defendants' failure to comply with the terms of such mandatory injunction. Failure to timely comply with such mandatory injunction's terms shall result in Pintor's, the Collective Class Members', and the Rule 23 Class Members' ability to seek enforcement of the terms of the mandatory injunction, including an award of additional attorneys' fees and costs incurred in any such enforcement action. The Parties specifically consent to the Court's jurisdiction to enforce the Settlement Agreement in this matter and the mandatory injunction over this matter after approval of settlement and that Exhibit D satisfies the requirements of Fed. R. Civ. P. 65(d).

## VI.    Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII.    Entire Agreement

This document and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Pintor expressly acknowledges that he is not relying on advice from Defendants, including Defendants' principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## VIII.  Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX.    Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

6/27/2018
_____
Dated

DocuSigned by:

Alvin Pintor on behalf of himself, the
Rule 23 Class, and the Collective Class

_____
Dated

Defendant HYPRO, Inc. d/b/a Spirit
Manufacturing

By:   _____

Its:   _____

_____
Dated

Defendant Service First Staffing, Inc.

By:   _____

Its:   _____

12

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____                    _____
Dated                                  Alvin Pintor on behalf of himself, the
                                       Rule 23 Class, and the Collective Class


*June 29, 2018*
_____                    Defendant HyPro, Inc. d/b/a Spirit
Dated                                  Manufacturing

                                       By: _Kathleen McL_____

                                       Its: _Director, Human Resources_


_____                    Defendant Service First Staffing, Inc.
Dated

                                       By: _____

                                       Its: _____

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____          _____
Dated                            Alvin Pintor on behalf of himself, the
                                 Rule 23 Class, and the Collective Class


_____          Defendant HyPro, Inc. d/b/a Spirit
Dated                            Manufacturing


                                 By:    _____


                                 Its:   _____


6-29-2018                        Defendant Service First Staffing, Inc.
_____
Dated                            By:    _____
                                        Bruce Chesshire
                                        General Counsel
                                 Its:   _____
                                        2835 N. Mayfair Rd.
                                        Milwaukee, WI 53222

12

EX. A - PROPOSED PRO RATA SETTLEMENT ALLOCATION

| Employee Name | TOTAL DAMAGES | Pro Rata % | Service Payment | FLSA W2 | FLSA 1099 | WI LAW W2 | WI LAW 1099 | TOTAL PROJECTED PAYMENT | Service First Payments | | Spirit/Hypro Payments | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | W2 | 1099 | W2 | 1099 |
| Brinkmann, Timothy W. | $435.32 | 0.21% | | $42.36 | $42.36 | $56.48 | $28.24 | $169.43 | | | $98.83 | $70.59 |
| Weltzien, Jill M. | $264.27 | 0.13% | | $25.71 | $25.71 | $34.28 | $17.14 | $102.85 | | | $60.00 | $42.86 |
| Daube, Steve G. | $494.77 | 0.24% | | $48.14 | $48.14 | $64.19 | $32.09 | $192.56 | | | $112.33 | $80.23 |
| Elmer Neuens | $380.59 | 0.18% | | $37.03 | $37.03 | $49.37 | $24.69 | $148.12 | | | $86.41 | $61.72 |
| Rabe, Kathryn A | $38.06 | 0.02% | | $3.70 | $3.70 | $4.94 | $2.47 | $14.81 | | | $8.64 | $6.17 |
| Mark A Schulz | $76.12 | 0.04% | | $7.41 | $7.41 | $9.87 | $4.94 | $29.62 | | | $17.28 | $12.34 |
| Burbey, Robert A. | $4,618.31 | 2.23% | | $449.36 | $449.36 | $599.14 | $299.57 | $1,797.43 | | | $1,048.50 | $748.93 |
| Pugens, Matthew M. | $4,242.59 | 2.05% | | $412.80 | $412.80 | $550.40 | $275.20 | $1,651.20 | | | $963.20 | $688.00 |
| Czarnecki, Mark A. | $591.06 | 0.29% | | $57.51 | $57.51 | $76.68 | $38.34 | $230.04 | | | $134.19 | $95.85 |
| Gay, Debra A. | $2,550.98 | 1.23% | | $248.21 | $248.21 | $330.94 | $165.47 | $992.83 | | | $579.15 | $413.68 |
| Pokrzywinski, Todd | $4,617.61 | 2.23% | | $449.29 | $449.29 | $599.05 | $299.53 | $1,797.16 | | | $1,048.34 | $748.82 |
| Langer, Terry L. | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Netzel, Deborah J. | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Loretta Elliott | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Stern, Vernon | $2,924.63 | 1.41% | | $284.56 | $284.56 | $379.42 | $189.71 | $1,138.26 | | | $663.98 | $474.27 |
| Ronczka, Robert J. | $1,258.28 | 0.61% | | $122.43 | $122.43 | $163.24 | $81.62 | $489.72 | | | $285.67 | $204.05 |
| Pozos-Montoya, Camilo | $652.95 | 0.32% | | $63.53 | $63.53 | $84.71 | $42.35 | $254.13 | | | $148.24 | $105.89 |
| Pugens, Michael J. | $4,385.10 | 2.12% | | $426.67 | $426.67 | $568.89 | $284.44 | $1,706.67 | | | $995.56 | $711.11 |
| Kriegsman, Keith L. | $4,002.82 | 1.94% | | $389.47 | $389.47 | $519.29 | $259.65 | $1,557.88 | | | $908.76 | $649.12 |
| Napierala, Michael R. | $3,422.23 | 1.66% | | $332.98 | $332.98 | $443.97 | $221.99 | $1,331.92 | | | $776.95 | $554.97 |
| Trzecinski, Brian J. | $4,246.30 | 2.05% | | $413.16 | $413.16 | $550.88 | $275.44 | $1,652.65 | | | $964.04 | $688.60 |
| Hernandez, Nicolas | $235.91 | 0.11% | | $22.95 | $22.95 | $30.60 | $15.30 | $91.81 | | | $53.56 | $38.26 |
| Lee, Pathong | $3,226.56 | 1.56% | | $313.94 | $313.94 | $418.59 | $209.29 | $1,255.77 | | | $732.53 | $523.24 |
| Rockteacher, Brian | $4,276.44 | 2.07% | | $416.09 | $416.09 | $554.79 | $277.40 | $1,664.38 | | | $970.89 | $693.49 |
| Anderson, Brook A. | $99.92 | 0.05% | | $9.72 | $9.72 | $12.96 | $6.48 | $38.89 | | | $22.69 | $16.20 |
| Vincent, David | $814.82 | 0.39% | | $79.28 | $79.28 | $105.71 | $52.85 | $317.12 | | | $184.99 | $132.13 |
| Brook, Jeffrey C. | $913.41 | 0.44% | | $88.87 | $88.87 | $118.50 | $59.25 | $355.50 | | | $207.37 | $148.12 |
| Hendrickson, Gerald | $3,421.68 | 1.65% | | $332.93 | $332.93 | $443.90 | $221.95 | $1,331.70 | | | $776.83 | $554.88 |
| Marshall, Kevin | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Cipov, Mike | $512.19 | 0.25% | | $49.84 | $49.84 | $66.45 | $33.22 | $199.34 | | | $116.28 | $83.06 |
| Marshalek, Sandra A. | $1,018.37 | 0.49% | | $99.09 | $99.09 | $132.12 | $66.06 | $396.35 | | | $231.20 | $165.14 |
| Yang, Bob | $3,804.63 | 1.84% | | $370.19 | $370.19 | $493.58 | $246.79 | $1,480.75 | | | $863.77 | $616.98 |
| Moua, Dang K. | $3,480.73 | 1.68% | | $338.67 | $338.67 | $451.56 | $225.78 | $1,354.69 | | | $790.23 | $564.45 |
| Yang, Nhiachue | $3,115.15 | 1.51% | | $303.10 | $303.10 | $404.13 | $202.07 | $1,212.40 | | | $707.24 | $505.17 |
| Dragoljevic, Pero | $4,226.17 | 2.04% | | $411.20 | $411.20 | $548.27 | $274.14 | $1,644.81 | | | $959.47 | $685.34 |
| Redwing, Christopher | $2,622.07 | 1.27% | | $255.13 | $255.13 | $340.17 | $170.08 | $1,020.50 | | | $595.29 | $425.21 |
| Zorrilla, Alejandro H. | $3,631.91 | 1.76% | | $353.38 | $353.38 | $471.18 | $235.59 | $1,413.53 | | | $824.56 | $588.97 |
| Thao, Tong | $2,244.58 | 1.09% | | $218.40 | $218.40 | $291.19 | $145.60 | $873.58 | | | $509.59 | $363.99 |
| Nakielski, James M. | $3,424.24 | 1.66% | | $333.18 | $333.18 | $444.23 | $222.12 | $1,332.70 | | | $777.41 | $555.29 |
| Tyler Pilat | $359.20 | 0.17% | | $34.95 | $34.95 | $46.60 | $23.30 | $139.80 | | | $81.55 | $58.25 |
| Nakielski, James M. | $38.06 | 0.02% | | $3.70 | $3.70 | $4.94 | $2.47 | $14.81 | | | $8.64 | $6.17 |
| Marcinkiewicz, Jaroslaw | $188.37 | 0.09% | | $18.33 | $18.33 | $24.44 | $12.22 | $73.31 | | | $42.77 | $30.55 |
| Kobleski, Michael L. | $4,260.66 | 2.06% | | $414.56 | $414.56 | $552.74 | $276.37 | $1,658.23 | | | $967.30 | $690.93 |
| Silvestre, Jose A. | $3,925.86 | 1.90% | | $381.98 | $381.98 | $509.31 | $254.65 | $1,527.93 | | | $891.29 | $636.64 |
| Slade, Michael L. | $935.66 | 0.45% | | $91.04 | $91.04 | $121.39 | $60.69 | $364.16 | | | $212.43 | $151.73 |
| Giral, J. Guadalupe | $3,430.71 | 1.66% | | $333.80 | $333.80 | $445.07 | $222.54 | $1,335.22 | | | $778.88 | $556.34 |
| Larruiz, Jesus | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Larruiz, Jesus | $3,124.84 | 1.51% | | $304.04 | $304.04 | $405.39 | $202.70 | $1,216.18 | | | $709.44 | $506.74 |
| Larriuz, Jesus JR. | $456.43 | 0.22% | | $44.41 | $44.41 | $59.21 | $29.61 | $177.64 | | | $103.62 | $74.02 |
| Marcelles, Kenneth M. | $971.43 | 0.47% | | $94.52 | $94.52 | $126.03 | $63.01 | $378.08 | | | $220.54 | $157.53 |
| Borth, Ronald J. | $3,501.19 | 1.69% | | $340.66 | $340.66 | $454.22 | $227.11 | $1,362.65 | | | $794.88 | $567.77 |
| Nicholson, Jade | $3,880.60 | 1.88% | | $377.58 | $377.58 | $503.44 | $251.72 | $1,510.32 | | | $881.00 | $629.30 |
| Clark, Don | $3,107.74 | 1.50% | | $302.38 | $302.38 | $403.17 | $201.59 | $1,209.52 | | | $705.55 | $503.97 |
| Shaffer, Sam | $38.06 | 0.02% | | $3.70 | $3.70 | $4.94 | $2.47 | $14.81 | | | $8.64 | $6.17 |
| Tate, Darrel | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Wilks, Johnny | $3,559.64 | 1.72% | | $346.35 | $346.35 | $461.80 | $230.90 | $1,385.40 | | | $808.15 | $577.25 |
| Hood, Riley | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| DeNeve-Ewing, Laurie | $477.66 | 0.23% | | $46.48 | $46.48 | $61.97 | $30.98 | $185.90 | | | $108.44 | $77.46 |
| Schwichtenberg, Tony | $3,306.30 | 1.60% | | $321.70 | $321.70 | $428.93 | $214.47 | $1,286.80 | | | $750.63 | $536.17 |
| Lindberg, Jason | $0.00 | 0.00% | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |

EX. A - PROPOSED PRO RATA SETTLEMENT ALLOCATION

| Name | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Ortmann, Orise | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Grossmeyer, William | $3,050.62 | 1.48% | $296.82 | $296.82 | $395.76 | $197.88 | $1,187.29 | | | $692.59 | $494.71 |
| Blackshire, Terrance L. | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Dashner, Nick | $547.36 | 0.26% | $53.26 | $53.26 | $71.01 | $35.51 | $213.03 | | | $124.27 | $88.76 |
| Xiong, Soua | $863.40 | 0.42% | $84.01 | $84.01 | $112.01 | $56.01 | $336.03 | | | $196.02 | $140.01 |
| Harvill, Brian | $119.55 | 0.06% | $11.63 | $11.63 | $15.51 | $7.75 | $46.53 | | | $27.14 | $19.39 |
| Bakalar, Kurt | $863.04 | 0.42% | $83.97 | $83.97 | $111.96 | $55.98 | $335.89 | | | $195.94 | $139.96 |
| Bankhead, Terry | $3,289.77 | 1.59% | $320.09 | $320.09 | $426.79 | $213.39 | $1,280.37 | | | $746.88 | $533.49 |
| Idrizovic, Fako | $2,725.32 | 1.32% | $265.17 | $265.17 | $353.56 | $176.78 | $1,060.68 | | | $618.73 | $441.95 |
| Simpson, Kenan A. | $355.76 | 0.17% | $34.62 | $34.62 | $46.15 | $23.08 | $138.46 | | | $80.77 | $57.69 |
| Shackelford, Robert | $2,778.45 | 1.34% | $270.34 | $270.34 | $360.45 | $180.23 | $1,081.36 | | | $630.79 | $450.57 |
| Thavy, Grady | $2,981.79 | 1.44% | $290.13 | $290.13 | $386.83 | $193.42 | $1,160.50 | | | $676.96 | $483.54 |
| Jurkiewicz Bonnie | $3,382.31 | 1.64% | $329.10 | $329.10 | $438.79 | $219.40 | $1,316.38 | | | $767.89 | $548.49 |
| Rytman, Brian | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Herr, Patrick | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Cherry, Ray | $1,739.67 | 0.84% | $169.27 | $169.27 | $225.69 | $112.85 | $677.07 | | | $394.96 | $282.11 |
| Jackson, Keith | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Grobe, Karen | $679.97 | 0.33% | $66.16 | $66.16 | $88.21 | $44.11 | $264.64 | | | $154.37 | $110.27 |
| Cotter, Michael P. | $3,359.97 | 1.63% | $326.92 | $326.92 | $435.90 | $217.95 | $1,307.69 | | | $762.82 | $544.87 |
| Mercado, Timothy | $3,209.26 | 1.55% | $312.26 | $312.26 | $416.34 | $208.17 | $1,249.03 | | | $728.60 | $520.43 |
| Jordon J Schultz | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Mercado, Timothy | $76.12 | 0.04% | $7.41 | $7.41 | $9.87 | $4.94 | $29.62 | | | $17.28 | $12.34 |
| Daniels, Todd A. | $113.56 | 0.05% | $11.05 | $11.05 | $14.73 | $7.37 | $44.20 | | | $25.78 | $18.42 |
| Vang, Cher Wa | $798.15 | 0.39% | $77.66 | $77.66 | $103.55 | $51.77 | $310.64 | | | $181.21 | $129.43 |
| Wehr Benjamin J | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Kaufman, Giacomo | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Thor, James | $1,380.47 | 0.67% | $134.32 | $134.32 | $179.09 | $89.55 | $537.27 | | | $313.41 | $223.86 |
| Symiczek, Christopher J. | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Burch, Daniel W. | $3,166.28 | 1.53% | $308.08 | $308.08 | $410.77 | $205.38 | $1,232.31 | | | $718.84 | $513.46 |
| Sardina, Tim | $5,107.37 | 2.47% | $496.94 | $496.94 | $662.59 | $331.30 | $1,987.77 | | | $1,159.53 | $828.24 |
| Weber, Elizabeth L. | $2,339.45 | 1.13% | $227.63 | $227.63 | $303.50 | $151.75 | $910.50 | | | $531.13 | $379.38 |
| Mhoog (Paul) Xiong | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Xiong,Mhoog (Paul) | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Xiong, Mhoog(Paul) | $431.04 | 0.21% | $41.94 | $41.94 | $55.92 | $27.96 | $167.76 | | | $97.86 | $69.90 |
| Maxfield, Donald | $0.00 | 0.00% | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | | $0.00 | $0.00 |
| Reed, Joe | $35.92 | 0.02% | $3.50 | $3.50 | $4.66 | $2.33 | $13.98 | | | $8.16 | $5.83 |
| Tollefson, Steven C. | $2,167.90 | 1.05% | $210.94 | $210.94 | $281.25 | $140.62 | $843.74 | | | $492.18 | $351.56 |
| Parr, Brian M | $3,764.97 | 1.82% | $366.33 | $366.33 | $488.44 | $244.22 | $1,465.31 | | | $854.77 | $610.55 |
| Cannon, Kimberly | $2,816.05 | 1.36% | $274.07 | $274.07 | $365.42 | $182.71 | $1,096.27 | | | $639.49 | $456.78 |
| Hernandez, Juan | $576.86 | 0.28% | $56.13 | $56.13 | $74.84 | $37.42 | $224.51 | | | $130.97 | $93.55 |
| Walker, Earl | $540.94 | 0.26% | $52.63 | $52.63 | $70.18 | $35.09 | $210.53 | | | $122.81 | $87.72 |
| Kruck, Alexander M | $143.68 | 0.07% | $13.98 | $13.98 | $18.64 | $9.32 | $55.92 | | | $32.62 | $23.30 |
| Sherman, Timothy J | $71.84 | 0.03% | $6.99 | $6.99 | $9.32 | $4.66 | $27.96 | | | $16.31 | $11.65 |
| Brown John T | $143.68 | 0.07% | $13.98 | $13.98 | $18.64 | $9.32 | $55.92 | | | $32.62 | $23.30 |
| Menger, Jesse | $363.48 | 0.18% | $35.37 | $35.37 | $47.16 | $23.58 | $141.47 | | | $82.52 | $58.94 |
| Menges, Jesse | $266.41 | 0.13% | $25.92 | $25.92 | $34.56 | $17.28 | $103.69 | | | $60.48 | $43.20 |
| Sowl, Carson | $201.99 | 0.10% | $19.65 | $19.65 | $26.20 | $13.10 | $78.61 | | | $45.86 | $32.76 |
| Steward, William | $555.91 | 0.27% | $54.09 | $54.09 | $72.12 | $36.06 | $216.36 | | | $126.21 | $90.15 |
| Kikanovic, Mirsad | $3,086.75 | 1.49% | $300.34 | $300.34 | $400.45 | $200.23 | $1,201.35 | | | $700.79 | $500.56 |
| Jackson, George A | $107.76 | 0.05% | $10.49 | $10.49 | $13.98 | $6.99 | $41.94 | | | $24.47 | $17.48 |
| Kisting, Gregory D | $2,668.33 | 1.29% | $259.63 | $259.63 | $346.17 | $173.08 | $1,038.51 | | | $605.79 | $432.71 |
| Cruz-Hernandez, Manuel | $3,312.47 | 1.60% | $322.30 | $322.30 | $429.73 | $214.87 | $1,289.20 | | | $752.03 | $537.17 |
| Long, Robert | $412.23 | 0.20% | $40.11 | $40.11 | $53.48 | $26.74 | $160.44 | | | $93.59 | $66.85 |
| Uphouse, Kersey | $513.64 | 0.25% | $49.98 | $49.98 | $66.64 | $33.32 | $199.91 | | | $116.61 | $83.29 |
| Heup, Catherine | $209.85 | 0.10% | $20.42 | $20.42 | $27.22 | $13.61 | $81.67 | | | $47.64 | $34.03 |
| Heup, Amelia | $580.93 | 0.28% | $56.52 | $56.52 | $75.37 | $37.68 | $226.10 | | | $131.89 | $94.21 |
| Tucker, Derick | $378.45 | 0.18% | $36.82 | $36.82 | $49.10 | $24.55 | $147.29 | $85.92 | $61.37 | | |
| Peres, Alonzo | $264.27 | 0.13% | $25.71 | $25.71 | $34.28 | $17.14 | $102.85 | | | $60.00 | $42.86 |
| Perez, Alonzo | $1,872.66 | 0.91% | $182.21 | $182.21 | $242.94 | $121.47 | $728.83 | | | $425.15 | $303.68 |
| Negron Garcia, Ricardo | $342.53 | 0.17% | $33.33 | $33.33 | $44.44 | $22.22 | $133.31 | $77.77 | $55.55 | | |
| Weiss, Robert P | $266.41 | 0.13% | $25.92 | $25.92 | $34.56 | $17.28 | $103.69 | $60.48 | $43.20 | | |
| Poeschl, Matthew Sr. | $1,537.44 | 0.74% | $149.59 | $149.59 | $199.45 | $99.73 | $598.36 | | | $349.05 | $249.32 |

EX. A - PROPOSED PRO RATA SETTLEMENT ALLOCATION

| Name | Amount | % | Service Payment | FLSA | FLSA | WI Law | | Subtotal | HQ Fees/Costs | HQ Fees/Costs | Spirit/Hypro | Spirit/Hypro |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hane, David C. | $228.35 | 0.11% | | $22.22 | $22.22 | $29.62 | $14.81 | $88.87 | | | $51.84 | $37.03 |
| Daniels, Joshua E. | $408.38 | 0.20% | | $39.74 | $39.74 | $52.98 | $26.49 | $158.94 | | | $92.72 | $66.23 |
| Lombardi, Scott E | $114.18 | 0.06% | | $11.11 | $11.11 | $14.81 | $7.41 | $44.44 | | | $25.92 | $18.52 |
| Farney, Joshua L | $190.29 | 0.09% | | $18.52 | $18.52 | $24.69 | $12.34 | $74.06 | | | $43.20 | $30.86 |
| Carter, Tyrone | $619.13 | 0.30% | | $60.24 | $60.24 | $80.32 | $40.16 | $240.96 | $140.56 | $100.40 | $112.33 | $80.23 |
| Gregoric, John R | $494.77 | 0.24% | | $48.14 | $48.14 | $64.19 | $32.09 | $192.56 | | | $92.20 | $65.86 |
| Gentele, Ryan M | $1,780.16 | 0.86% | | $173.21 | $173.21 | $230.94 | $115.47 | $692.83 | | | $404.15 | $288.68 |
| Crom, Mark L. | $2,148.92 | 1.04% | | $209.09 | $209.09 | $278.78 | $139.39 | $836.35 | | | $487.87 | $348.48 |
| Luckmann, Casey M | $129.94 | 0.06% | | $12.64 | $12.64 | $16.86 | $8.43 | $50.57 | | | $29.50 | $21.07 |
| Mattson, Paul M. | $873.54 | 0.42% | | $85.00 | $85.00 | $113.33 | $56.66 | $339.98 | | | $198.32 | $141.66 |
| Hanson, Michael R. | $1,397.67 | 0.68% | | $135.99 | $135.99 | $181.32 | $90.66 | $543.97 | $317.31 | $226.65 | $281.99 | $201.42 |
| Wildt, James M. | $1,242.07 | 0.60% | | $120.85 | $120.85 | $161.14 | $80.57 | $483.41 | | | $281.99 | $201.42 |
| Krenzke, Shawn N | $304.47 | 0.15% | | $29.62 | $29.62 | $39.50 | $19.75 | $118.50 | | | $69.12 | $49.37 |
| Kazee, Latrial | $266.41 | 0.13% | | $25.92 | $25.92 | $34.56 | $17.28 | $103.69 | | | $60.48 | $43.20 |
| Kroes, Ryan W | $761.18 | 0.37% | | $74.06 | $74.06 | $98.75 | $49.37 | $296.25 | $172.81 | $123.44 | | |
| Morrone, Marco A. | $76.12 | 0.04% | | $7.41 | $7.41 | $9.87 | $4.94 | $29.62 | $17.28 | $12.34 | | |
| Kogutkiewicz, Jacob | $76.12 | 0.04% | | $7.41 | $7.41 | $9.87 | $4.94 | $29.62 | | | $17.28 | $12.34 |
| Sansone, Nickolas | $647.00 | 0.31% | | $62.95 | $62.95 | $83.94 | $41.97 | $251.81 | | | $146.89 | $104.92 |
| Ruiz , Douglas Jr. | $1,027.59 | 0.50% | | $99.98 | $99.98 | $133.31 | $66.66 | $399.93 | | | $233.30 | $166.64 |
| HOFFMAN, ROBERT | $228.35 | 0.11% | | $22.22 | $22.22 | $29.62 | $14.81 | $88.87 | | | $51.84 | $37.03 |
| PINTOR, ALVIN | $304.47 | 0.15% | $5,000.00 | $29.62 | $29.62 | $39.50 | $19.75 | $5,118.50 | $69.12 | $49.37 | | $5,000.00 |
| LASCHOBER, RICHARD | $148.50 | 0.07% | | $14.45 | $14.45 | $19.27 | $9.63 | $57.80 | | | $33.71 | $24.08 |
| Carol A Heup | $228.35 | 0.11% | | $22.22 | $22.22 | $29.62 | $14.81 | $88.87 | | | $51.84 | $37.03 |
| Elmer A Neuens | $3,388.95 | 1.64% | | $329.74 | $329.74 | $439.66 | $219.83 | $1,318.97 | | | $769.40 | $549.57 |
| Rogers, Sonya | $3,193.74 | 1.54% | | $310.75 | $310.75 | $414.33 | $207.17 | $1,242.99 | | | $725.08 | $517.91 |
| RON GAY | $76.12 | 0.04% | | $7.41 | $7.41 | $9.87 | $4.94 | $29.62 | | | $17.28 | $12.34 |
| **TOTALS** | **$206,750.72** | **100.00%** | **$5,000.00** | **$20,116.67** | **$20,116.67** | **$26,822.22** | **$13,411.11** | **$85,466.67** | **$941.26** | **$672.33** | **$45,997.63** | **$37,855.45** |
| | | SERVICE PAYMENT TOTAL | | FLSA TOTAL | $40,233.33 | WI LAW TOTAL | $40,233.33 | SUBTOTALS | HQ Fees/Costs | $8,386.41 | HQ Fees/Costs | $36,146.92 |

| | |
|---|---|
| TOTAL SETTLEMENT | $130,000.00 |
| ATTORNEYS' FEES | $43,333.33 |
| COSTS | $1,200.00 |
| A. PINTOR - SERVICE AWARD | $5,000.00 |
| FLSA FUND | $40,233.33 |
| WI LAW FUND | $40,233.33 |

| | |
|---|---|
| HQ FEES | $43,333.33 |
| HQ COSTS | $1,200.00 |
| TOTAL SETTLEMENT | $130,000.00 |

| Service First Payments | TOTAL | $10,000.00 |
|---|---|---|
| Spirit/Hypro Payments | TOTAL | $120,000.00 |

<u>NOTICE OF CLASS ACTION SETTLEMENT:</u>

**TO:** **[NAME]**

**RE:** **<u>HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. class action settlement of claims for unpaid wages</u>**

*This is not a solicitation from a lawyer.*
*A Federal Court has authorized this Notice.*

If you worked at HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. between June 27, 2014, through January 6, 2017, you may be entitled to additional compensation under this class action settlement. Your legal rights are affected whether you act upon this Notice, or you don't act.
<u>Please read this Notice carefully</u>.

| **Your options in this Settlement are:** | |
|---|---|
| Participate <u>only</u> in the Rule 23 Wisconsin state law settlement. | **No action is required** if you wish to be included in the settlement of <u>only</u> your Wisconsin state law claim for unpaid compensation.<br><br>**Your portion of the Rule 23 Settlement Fund is [$###].** |
| Participate in <u>both</u> the Wisconsin state law settlement and the FLSA Settlement. | If you wish to be included in settlement of both the Wisconsin state law claim and the FLSA claim for unpaid compensation, complete and return the enclosed Consent to Join form by DATE to opt-in to the FLSA portion of the settlement.<br><br>**Your portions of the Rule 23 Settlement Fund and the FLSA Settlement Fund together total [$###].** |
| Exclude yourself and not participate in the settlement. | You will be unable to participate in this settlement, but you will retain any rights you may have against Hypro, Inc. d/b/a Spirit Manufacturing and Service First Staffing, Inc. as to the claims in this case. See Section 8(c) below.<br><br>**You will receive no money from the Settlement Fund.** |
| Object to the settlement. | Write the Court about why you do not like the Settlement Agreement. If you object, but do not exclude yourself, you will still be bound by the terms of the Settlement. See Section 8(d) below. |
| Attend the hearing. | Attend the fairness hearing to talk with the Court about the fairness of the settlement. However, if you do not exclude yourself you will still be bound by the terms of the Settlement if the court approves the Settlement. |

## 1.      Why did I get this Notice?

You received this Notice because HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. ("Spirit") and/or Service First Staffing, Inc. records indicate that you were an hourly employee employed at Spirit Manufacturing at sometime between June 27, 2014 and January 6, 2017.

The Court has authorized this Notice to you because you have the right to know about the proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the Settlement Agreement. If the Court approves the Settlement Agreement, and after any objections or appeals are resolved, Class Counsel will mail the payments the Settlement Agreement provides for.

This notice provides you with important information about the lawsuit, the Settlement Agreement, your legal rights, and how you can benefit from or exclude yourself from the Settlement. **Regardless of your choice, it is important that you read this Notice.**

The Court in charge of this case is the United States District Court for the Eastern District of Wisconsin and the case is called *Pintor v. Hypro, Inc. d/b/a Spirit Manufacturing, Inc. and Service First Staffing, Inc.*, Case No. 2:17-cv-890-PP. Please do not contact the Court or the Clerk if you have questions regarding this matter. See Section 10 below if you have questions or would like more information.

## 2.      What is this lawsuit about?

Alvin Pintor (the "Class Representative"), a former hourly employee of Hypro, Inc. d/b/a Spirit Manufacturing, Inc. and Service First Staffing, Inc. (collectively "Defendants"), brought a complaint against Defendants claiming that Defendants improperly rounded employees' time clock punches only in Defendants' favor. Specifically, Pintor alleged that these policies and practices violated Wisconsin and Federal wage and hour laws. Defendants deny Pintor's allegations in the complaint and contend that their policies and practices regarding the payment of wages were compliant with Wisconsin and Federal law at all times, but Defendants have agreed to settle this matter consistent with the terms of the settlement to avoid additional costs and the uncertainties of time-consuming litigation.

## 3.      Who is included in the Class?

All persons who were employed by either Hypro, Inc. d/b/a Spirit Manufacturing, Inc., or by Service First Staffing, Inc. at Spirit Manufacturing as an hourly employee between June 27, 2014 and January 6, 2017 whose names appear on Exhibit A to the Settlement Agreement.

**4. What are the benefits and terms of the Settlement?**

Defendants agreed to pay a total of $130,000.00 (the "Settlement Fund") to settle this matter. This Settlement Fund will cover compensation for the claims of Class Members alleged in this action, service payment to the Class Representative of $5,000.00, unpaid wages, liquidated damages and attorneys' fees ($43,333.33) and costs ($1,200.00). The complaint alleges violations of both state and federal law. The Settlement Fund will be split between the federal law claims (FLSA Settlement Fund) and the state law claims (Rule 23 Settlement Fund). If the Court approves the settlement, your portion of the Rule 23 Settlement Fund is [$###.##] (before withholdings or deductions). Unless you exclude yourself from this settlement, you will receive this payment.

If the Court approves the Settlement and you join the FLSA settlement class by signing and returning the enclosed Consent to Join form, you will receive an additional payment for your portion of the FLSA Settlement Fund in the amount of [$###.##] (before withholdings or deductions) assuming the Court approves the settlement. You must sign and return the enclosed Consent to Join form by mail or email no later than [a date 30 days after mailing].

**5. Do I have a lawyer in this case?**

The Court has appointed attorneys Timothy P. Maynard, Summer Murshid, and Larry Johnson, of Hawks Quindel, S.C. as Class Counsel. They can be contacted at:

Larry Johnson
ljohnson@hq-law.com
Summer Murshid
smurshid@hq-law.com
Timothy P. Maynard
tmaynard@hq-law.com

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
Milwaukee, WI 53201
Phone: 414-271-8650
www.hq-law.com

**6. When is the Fairness Hearing?**

The Court will hold a hearing on September 18, 2018, at 11:00 a.m., to decide whether to approve this Settlement. This hearing will take place in Judge Pamela Pepper's Courtroom located in Room 222 of the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave., Milwaukee, WI 53202. If you object to this Settlement, your objections will be considered at this hearing.

**7. What happens if the Court approves the Settlement?**

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits under Wisconsin law for

recovery against Defendants for claims for unpaid wages and/or overtime resulting from Defendants' rounding policies between June 27, 2015 and January 6, 2017. Class Members who validly and timely request exclusion from the Settlement will not release any Wisconsin state wage and hour claims.

Additionally, for those individuals who timely return Consent to Join forms, the Court will dismiss those individuals' FLSA claims with prejudice and on the merits. This means that Class Members who timely return their Consent to Join forms will be barred from bringing their own lawsuits under federal law for recovery against Defendants for claims for unpaid wages and/or overtime resulting from Defendants' rounding policies between June 27, 2014 and January 6, 2017.

## 8. What are my options regarding the Settlement?

### a. Participate in the Rule 23 Class:

If you do nothing, you will be participating in the Rule 23 Class and receive compensation in the sum of [$###.##] (before withholdings or deductions). You will release any claims you have for unpaid wages and/or overtime against Defendants which resulted from Defendants' alleged practice of rounding punches between June 27, 2015 and January 6, 2017.

### b. Participate in the Rule 23 Class and the FLSA Class:

If you wish to join the FLSA Class, you must return your signed Consent to Join form to Class Counsel by [a date 30 days after mailing]. By participating in both the Rule 23 Class and the FLSA Class, you will receive compensation in the sum of [$###.##] (before withholdings or deductions). You will release any claims you have for unpaid wages and/or overtime from Defendants which resulted from Defendants' alleged practice of improperly rounding punches between June 27, 2014 and January 6, 2017. Consent to Join forms must be postmarked by [a date 30 days after mailing] to:

Larry A. Johnson
Hawks Quindel, S.C.
222 East Erie Street, Suite 210
Milwaukee, WI 53201
tmaynard@hq-law.com
www.hq-law.com

To be timely, the Consent to Join form must be properly addressed to the address listed above, and postmarked on or before [a date 30 days after mailing] or must be received by email to the email address listed above on or before midnight, Central Time [a date 30 days after mailing]. Consent to Join forms mailed or emailed after [a date 30 days after mailing], cannot be accepted.

### c. Request to be excluded:

If you exclude yourself, you will not receive any money from this Settlement.

If you wish to exclude yourself from the Rule 23 Class, you must submit a written request for exclusion. To be effective, the request must include: (1) your full name; (2) your address and telephone number, (3) a specific statement that you wish to exclude yourself from this settlement; and (4) be signed by you.

Your exclusion must be mailed or emailed to Class Counsel at the address in Section 10(b) above by [a date 30 days after mailing] to be effective. If you do timely request exclusion from this Settlement, you will not receive any compensation from the Settlement and you will not be bound by any final judgment and you will not be precluded from instituting an action against Defendants for unpaid wages and/or overtime from Defendants. Defendants cannot retaliate against you for failing to exclude yourself from this matter.

### d. Comment or object:

You may tell the Court what you think of this settlement by commenting or objecting to the terms of the settlement in writing. If you object to the Settlement without excluding yourself as outlined in Section 10(c) above, and the settlement is approved, you will be bound by this action and you will not be able to bring your own lawsuit for unpaid wages and/or overtime against Defendants. You may, but are not required to, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

All comments or objections to the Settlement Agreement must be filed with the Court at the address identified in paragraph 6 above no later than [a date 30 days after mailing]. Any objection must include: (1) your full name; (2) your address and telephone number, (3) a specific statement as to why you object to the Settlement accompanied by any legal or factual support of your objection; (4) you must indicate that you object to the Settlement in *Pintor v. Hypro, Inc. d/b/a Spirit Manufacturing, Inc. and Service First Staffing, Inc.*, Case No. 2:17-cv-890-PP; (5) include a list of all persons who you will call as witnesses at the Fairness Hearing in support of your objection; (6) include a statement as to whether you intend to appear at the Fairness Hearing by counsel, and if so, who that counsel will be; and (6) be signed by you. If you fail to timely file your objection with the Court, you will be deemed to have waived your objection and you will waive your ability to appeal any determination made by the Court.

If you file an objection with the Court, you must also serve a copy of the objection upon Class Counsel at the address in Section 10(b), along with a copy to Defendant's Counsel at:

Mitchell W. Quick                                        Olivia Kelley

Michael Best & Friedrich, LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Hypro, Inc. d/b/a Spirt
Manufacturing's Counsel

DeWitt Ross & Stevens, S.C.
13935 Bishop's Drive, Suite 300
Brookfield, WI 53005
Service First Staffing's Counsel

## 9. Retaliation is prohibited.

Regardless of what choice you make regarding participation in this settlement, Defendants cannot terminate your employment, or treat you any differently because of your participation or exclusion from this settlement.

## 10. If you would like more information?

If you have additional questions or if you need additional information, please contact Class Counsel, Larry Johnson or Timothy Maynard at Hawks Quindel, S.C. at 414-271-8650 or send correspondence to 222 East Erie, Suite 210, Milwaukee, WI 53201 or ljohnson@hq-law.com at your earliest convenience. A copy of the Complaint, the settlement agreement in full, and any other documents are available upon request from Class Counsel.

**No inquiries regarding additional information
or advice should be directed to the Court.**

**BY ORDER OF THE COURT
Clerk of Court**

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

# CONSENT FORM

I hereby consent to make a claim against HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. ("Spirit") and Service First Staffing, Inc., and to join the FLSA Settlement Class, for unpaid wages including overtime compensation under the Fair Labor Standards Act in Case Number E.D. Wis. 2:17-cv-890-PP.

I hereby authorize the filing, prosecution, and settlement of this Fair Labor Standards Act action in my name and hereby designate the Named Plaintiff, Alvin Pintor, to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of any agreements between Plaintiff's Counsel concerning attorneys' fees and costs, settlement, and all other matters pertaining to this lawsuit.

_____
Signature
**[NAME]**

_____
Date

_____
Address

_____
City, State, Zip

_____
Telephone number

_____
Email address

Fax, Mail or Email to:

Hawks Quindel, S.C.
Attn: Larry A. Johnson
PO Box 442
Milwaukee, Wisconsin 53201
Fax: (414) 271-8442
Telephone: (414) 271-8650
Email: ljohnson@hq-law.com
www.hq-law.com

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

**ALVIN PINTOR,
individually and on behalf of
all others similarly situated,**

        **Plaintiff,**                **CASE NO. 17-cv-890-PP**

    **v.**

**HYPRO, Inc., d/b/a Spirit
Manufacturing, Inc.,**

      **and**

**Service First Staffing, Inc.,**

      **Defendants.**

**JOINT STIPULATION TO CONDITIONALLY CERTIFY A COLLECTIVE
ACTION PURSUANT TO 29 U.S.C. § 216(b) AND FOR CLASS
CERTIFICATION PURSUANT TO FED.R.CIV.P. 23**

Plaintiff Alvin Pintor, on behalf of himself and all others similarly-situated

("Plaintiff"), and Defendant HYPRO, Inc., d/b/a Spirit Manufacturing, Inc. ("Spirit")

and Defendant Service First Staffing, Inc. (collectively "Defendants"), through their

respective undersigned counsel, submit this Joint Stipulation to Conditionally

Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) and for Certify a Class

Action Pursuant to FED.R.CIV.P. 23. This stipulation is entered into, and the classes

are certified, only as a condition of and for purposes of the settlement reached

between Plaintiff and Defendants (collectively the "Parties"). The Parties, through

negotiation, reached a settlement in this case. In connection with this settlement,

the Parties agreed to stipulate to conditional certification of the proposed 29 U.S.C.

§ 216(b) Class and class certification of the proposed Rule 23 Class defined below,

for settlement purposes only.

## THE COLLECTIVE 29 U.S.C. § 216(b) CLASS

1.      The Parties stipulate to conditionally certify a Collective Action of the

following collective class pursuant to 29 U.S.C. § 216(b); that class is defined as:

> **The Collective Class**.    All hourly employees
> employed at Spirit Manufacturing by Defendants
> between June 27, 2014 and January 6, 2017, and
> whose names appear on Exhibit A.

2.      Plaintiff Alvin Pintor is similarly situated to the potential Collective

Class members in the class because he was employed as an hourly employee of

Defendants during the relevant statutory period and was subject to the same

rounding policy as members of the potential putative class;

3.      Many of Defendant's defenses are not individual to members of the

Collective Class; rather, they are applicable across the Collective Class;

4.      Fairness and procedural considerations support proceeding as a

Collective Class;

5.      Subject to the Court's granting of preliminary approval of the Parties'

Settlement Agreement and Release, the Parties intend to send Notice to the

Collective Class members in the form attached as Exhibit B to the Parties'

Settlement Agreement and Release.

2

## **THE RULE 23 CLASS**

6.     The Parties stipulate to certify a class action under Rule 23 of the

Federal Rules of Civil Procedure; that class is defined as:

> **The Rule 23 Class**.  All hourly employees employed
> at Spirit Manufacturing by Defendants between
> June 27, 2015 and January 6, 2017, and whose
> names appear on Exhibit A.

7.     The Parties stipulate and agree that the requisites for establishing

Rule 23 Class certification have been met and are met with respect to the Rule 23

Class.  More specifically, the Parties stipulate and agree that:

a.     The Class is so numerous as to make it impracticable to join all

Class Members;

b.     There are common questions of law and fact, including but not

limited to:

i.     Whether Defendants unlawfully denied Plaintiff Alvin

Pintor and members of the Rule 23 Class compensation,

including overtime compensation, for as alleged in the

Complaint; and

ii.     The proper measure of damages sustained by Plaintiff

Alvin Pintor and members of the putative class.

c.     Plaintiff Alvin Pintor has claims typical of the claims of the Rule

23 Class Members in that he was employed by Defendants as an

hourly employee between June 27, 2015, through January 6,

2017, and he and the Rule 23 Class claim Defendant failed to

3

pay them compensation, including overtime compensation, as alleged in the Complaint in violation of Wisconsin law.

d. Plaintiff Alvin Pintor and Plaintiff's counsel will fairly and adequately protect the interests of the class;

e. The prosecution of separate actions by individual Rule 23 Class Members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

f. Questions of law and fact common to the members of the Rule 23 Class predominate over any questions affecting any individual member of the Rule 23 Class, and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

8. If the Parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement and Release, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court and the Parties will request new deadlines from the Court.

Respectfully submitted this 29th day of June, 2018.

Respectfully submitted,

**Michael Best & Friedrich LLP**
**Attorneys for Defendant Hypro**
**Inc., d/b/a Spirit Manufacturing,**
**Inc.**

Respectfully submitted,

**HAWKS QUINDEL, S.C.**
**Attorneys for Plaintiff**

4

_s/ Larry A. Johnson_
Larry A. Johnson, SBN 105619
ljohnson@hq-law.com
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com
Timothy P. Maynard, SBN 1080953
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI  53201-0442
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

_s/_
Mitchell W. Quick, SBN 1001493
mwquick@michaelbest.com
Elizabeth N. Larson, SBN 1095148
enlarson@michaelbest.com
100 E. Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202
(414) 271-6560 (office)
(414) 271-0656 (facsimile)

**DeWitt Ross & Stevens, S.C.**
**Attorneys for Defendant Service**
**First Staffing, Inc.**

_s/_
Olivia M. Kelley, SBN 1056759
omk@dewittross.com
Shannon A. Allen, SBN 1024558
saa@dewittross.com
13935 Bishop's Drive
Suite 300
Brookfield, WI 53005
(262) 754-2870 (office)
(262) 754-2845 (facsimile)

5

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**ALVIN PINTOR,**
**individually and on behalf of**
**all others similarly situated,**

      **Plaintiff,**            **CASE NO. 17-cv-890-PP**

  **v.**

**HYPRO, Inc., d/b/a Spirit**
**Manufacturing, Inc.,**

    **and**

**Service First Staffing, Inc.,**

      **Defendants.**

---

**ORDER OF DISMISSAL WITH PREJUDICE AND**
**ENTRY OF MANDATORY INJUNCTION**

---

On September 18, 2018, the Court conducted a fairness hearing on the proposed settlement agreement. ECF No. ##. At that hearing, the Court found that the settlement agreement was fair, reasonable, and adequate. For the reasons stated by the Court on the record, the Court **ORDERS** as follows:

    1.    The court **APPROVES** the settlement agreement in its entirety, and finds that the Settlement Agreement meets the requirements of federal law, relevant Wisconsin law, and due process.

    2.    The court **FINDS** that the settlement terms negotiated by the parties and described in the Settlement Agreement are a fair and reasonable resolution of a

*bona fide* dispute between the Defendants, the named plaintiff, the certified Fed. R. Civ. P. 23 Class Members, and the 29 U.S.C. § 216(b) Collective Class Members.

3.      The court **ORDERS** that Hawks Quindel, S.C. shall serve as class counsel for the certified Fed. R. Civ. P. 23 Class and the 29 U.S.C. § 216(b) Collective Class.

4.      The court **ORDERS** that Alvin Pintor shall serve as representative for the certified Fed. R. Civ. P. 23 Class and the 29 U.S.C. § 216(b) Collective Class.

5.      The court **ORDERS** that the Settlement agreement is binding on Defendants, Alvin Pintor, the Collective Class, as well as all of the Rule 23 Class Members who have not excluded themselves.

6.      The court **ORDERS** that the clerk shall enter judgment against the Defendant Hypro, Inc. d/b/a Spirit Manufacturing, Inc. in the total amount of $120,000.00, inclusive of attorneys' fees, dismissing with prejudice the Rule 23 Class Members' released claims.

7.      The court **ORDERS** that the clerk shall enter judgment against the Defendant Service First Staffing, Inc. in the total amount of $10,000.00, inclusive of attorneys' fees, dismissing with prejudice the Rule 23 Class Members' released claims.

8.      The court **FINDS** the service award of $5,000.00 to Named Plaintiff Pintor to be fair and reasonable.

9.      The court **FINDS** that the plaintiff's request of attorneys' fees in the amount of 33.33% of the settlement fund, $43,333.33, is reasonable. The court

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

further **FINDS** that costs in the amount of $1,200.00 are fair and reasonable, **GRANTS** these requests. The Court **AWARDS** Hawks Quindel, S.C. a total of $44,533.33 in fees and costs.

10. Under the Settlement Agreement, the Court **ORDERS** the Defendants to make payments provided for in the Settlement Agreement to Hawks Quindel, S.C. within twenty-one (21) days of the date of this Order.

11. The Parties request the Court retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82 (1994). Accordingly, the Court enters a mandatory injunction requiring Defendants make payments to the Class Members in the identified amounts below:

[insert final allocation showing all payments to Class Members]

12. Defendants **SHALL** further make payment of attorneys' fees and costs, without any withholdings and to be reported on an IRS 1099 form, to Plaintiffs' Counsel, Hawks Quindel, S.C., within twenty-one (21) days of this Order, in the amount of $44,533.33.

13. Defendants **SHALL** deliver all payments described in paragraphs 6 through 12 above within twenty-one (21) days of this Order to Plaintiffs' Counsel at Hawks Quindel, S.C., Attn: Attorney Larry A. Johnson, 222 E. Erie Street, Suite 210, Milwaukee, WI 53201.

DocuSign Envelope ID: 600DAE5F-3E2E-4CB5-9620-A030F4627610

14.     For any payment issued under paragraphs 6 through 12 above that becomes null and void as a result of not being delivered or cashed within ninety days of issuance, and

(a.)     if the total amount of the Wisconsin Settlement Fund and the FLSA Settlement Fund that remains undeliverable or is otherwise not cashed within ninety days after the final payment equals or exceeds $7,500, it shall be reallocated to the individuals who did cash their portion of the Wisconsin Settlement Fund and the FLSA Settlement Fund. Within twenty-one days of the expiration of the settlement checks, Defendants shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not cashed). Plaintiff's Counsel will provide a re-allocation of the remaining funds and provide said re-allocation to Defendants. Defendants will, within twenty-one days of receiving the re-allocation, deliver to Plaintiff's Counsel the reallocated checks provided for in the re-allocation; or

(b.)     if the total amount of the Wisconsin Settlement Fund and the FLSA Settlement Fund that remains undeliverable or is otherwise not cashed within ninety days after the final payment equals less than $7,500, that amount shall be considered cy pres and Defendants shall pay that amount on a pro rata basis to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA

94612. Within twenty-one days of the expiration of the settlement checks, Defendants shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not cashed). Within seven days of Plaintiff's Counsel's approval, Defendants shall mail a check to the cy pres recipient, copying Plaintiff's Counsel.

15.     By consent of the Parties, the Court **SHALL** retain jurisdiction for the purpose of enforcing the terms of the settlement agreement and the mandatory injunction contained herein.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**, and without further cost to either party.

Dated this _____ day of _____, 2018 at Milwaukee, Wisconsin.


By:     _____
        Hon. Pamela Pepper
        U.S. District Judge